UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICARDO BROCHERO-CARRENO,
A-217-758-122,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION CENTER,

Respondent.

No. 1:26-cv- 05882 TLN AC

FINDINGS AND RECOMMENDATIONS

Petitioner, an immigration detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1. The petition, liberally construed, argues that his prolonged detention violates his due process rights under the Fifth Amendment, and he seeks immediate release or a bond hearing at which respondent must demonstrate clear and convincing evidence that petitioner is a flight risk or danger to the community. Id. at 7. As discussed below, the court recommends that petitioner's request for habeas relief be granted, that petitioner be immediately released, and that respondent be enjoined from unlawfully re-arresting or re-detaining petitioner.

I. Factual Background

Petitioner is a native and citizen of Venezuela who entered the United States from Mexico

without admission on September 27, 2023. ECF No. 6-1. Although an immigration judge ordered petitioner's removal on October 5, 2026, that order is not administratively final and petitioner has until November 4, 2026, to appeal to the Bureau of Immigration Appeals.[1]

Petitioner was arrested by local authorities in Fort Myers, Florida, for driving under the influence in June 2026. ECF No. 6-1 at 3. He does not appear to have any other criminal history. He was transferred to ICE custody on June 15, 2026, where he remained in immigration detention without an individualized bond hearing. Id. After several transfers between detention facilities, petitioner was transferred to the California City ICE Processing Center on July 3, 2026, where he is currently detained. Id. at 15; ECF No. 1 at 9.

II. Procedural History

On July 27, 2026, the court received petitioner's pro se petition for writ of habeas corpus challenging his detention under 28 U.S.C. § 2241. ECF No. 1. The petition asserts that petitioner's arrest and prolonged detention without notice and a pre-deprivation hearing violates his federal due process rights. Id. at 6. He alleges the conditions in the facility resemble penal confinement, and the punitive conditions are taking a serious toll on his mental health. Id. at 7. He seeks immediate release or a bond hearing at which respondents must demonstrate by clear and convincing evidence that petitioner is a flight risk or danger to the community. Id.

On July 30, 2026, the undersigned ordered respondent to respond to the petition and "substantively address whether there are any factual or legal issues that materially distinguish this case from the court's prior orders in Lida G.B. v. Albarran, No. 1:25-cv-2061 TLN CKD, 2026 WL 19104 (E.D. Cal. Jan. 3. 2026), Z.Z. v. Chestnut, No. 1:26-cv-2309 TLN JDP, 2026 WL 890476 (E.D. Cal. Apr. 1, 2026), Mohammad S. v. Andrews, No. 1:26-cv-0590 TLN CSK, 2026 WL 480095 (E.D. Cal. Feb. 20, 2026), and other similar cases previously decided by this court[.]"

[1] The court takes judicial notice of the information provided on the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage, available at https://acis.eoir.justice.gov/en/ (last visited October 22, 2026). See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

ECF No. 5. Respondent was advised that "the court will construe failure to distinguish the above cited cases as a concession that the cases are not substantively distinguishable." Id. Petitioner's reply, if any, was due within seven days of being served a copy of respondent's response. Id.

Respondent's response asserts that petitioner's "[d]etention in this case was pursuant to 8 U.S.C. § 1225(b)(2)(A)," which respondent respectfully maintains governs this case. ECF No. 6 at 1. Respondent "acknowledges, however, that Rodriguez Vazquez v. Bostock, 2026 WL 2196424 (9th Cir. July 30, 2026), holds that § 1226(a) governs Petitioner's detention." Id. Finally, respondent argues that this case is "distinguishable from the cases identified by the Court because Petitioner was detained directly from jail after a new criminal arrest and is entitled to a custody redetermination hearing before an immigration judge as soon as he is prepared." Id.

Petitioner filed a traverse on August 18, 2026, arguing that release from confinement is the appropriate remedy for his "unlawful or constitutional deficient detention," along with "such other relief as the Court [deems] proper." ECF No. 7 at 2.

## III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

////

////

## IV. Discussion

As to the statutory basis of petitioner's detention, the Ninth Circuit Court of Appeals recently rejected respondent's application of 8 U.S.C. § 1225(b)(2) to noncitizens like petitioner. In Rodriguez Vazquez v. Bostock, the Ninth Circuit held that "noncitizens present without admission who are apprehended in the interior of the United States"—like petitioner—"are subject to the detention regime of § 1226(a) not § 1225(b)(2)(A)." 183 F.4th 1160, 1165, 1193 (9th Cir. 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. Id. Indeed, respondent appears to concede this point. ECF No. 6 at 1.

As this court has previously recognized, § 1226(a) provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." D.Y. v. Warden of the Golden State Annex, No. 1:26-CV-06235-TLN-CSK, 2026 WL 2391205, at *2 (E.D. Cal. Aug. 17, 2026) (quoting Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022)). In addition,

> courts have found each of the following violations of the requirements of 8 U.S.C. § 1226(a) to provide a sufficient basis mandating a petitioner's release: (1) failure to arrest following or contemporaneously with the issuance of a warrant pursuant to § 1226(a); (2) failure to issue a Notice to Appear charging the petitioner as inadmissible prior to, or contemporaneously with, the detention of the petitioner; (3) failure to provide the petitioner with an initial custody determination either prior to or contemporaneously with detention; (4) failure to provide the petitioner an opportunity to demonstrate to the immigration officer that release would not pose a danger to property or persons and that the petitioner is likely to appear for future proceedings; and (5) failure to provide the petitioner with the basis for the petitioner's continued detention.

Id. (quoting Zurita Navarro v. Warden Ctrl. Valley Annex Det. Facility, No. 1:26-CV-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (citations omitted) (collecting cases). Here, respondent has not demonstrated that they have complied with the procedural protections of § 1226(a) during petitioner's detention, such as providing him an opportunity to demonstrate to an immigration officer that release would not pose a danger to property or persons

and that the petitioner is likely to appear for future proceedings.

In addition, although respondent argues this case is distinguishable from this court's prior orders in Lida G.B. v. Albarran, Z.Z. v. Chestnut, and Mohammad S. v. Andrews because of petitioner's recent arrest for a DUI, respondent's arguments are unpersuasive. ECF No. 6 at 1. To the extent respondent's reference to petitioner's recent arrest for a DUI is an attempt to contradict his right to due process or suggest that a bond hearing is the proper remedy, the undersigned finds this factual distinction inconsequential to the issue presented. Respondent does not argue that petitioner is a flight risk or danger to public safety, and, more importantly, no neutral arbiter has made such a determination. Nor does respondent point to any reason why a pre-deprivation hearing could not have been held, and they provide no evidence of "urgent concerns," warranting petitioner's detention without a hearing, thus, "a pre-deprivation hearing is required to satisfy due process." Guillermo M.R. v. Kaiser, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025). It is not this court's role to determine whether petitioner is a danger or flight risk, and, while a neutral decisionmaker *could* make such a determination at a properly noticed hearing, the failure to provide such a hearing to petitioner presents a serious risk that petitioner has been erroneously deprived of his liberty interest.[2] Without more, petitioner's recent DUI arrest does not materially distinguish this case from Lida G.B., Z.Z., Mohammad S. and other cases with similar facts, such as D.Y. v. Warden of the Golden State Annex, No. 1:26-CV-06235-TLN-CSK, 2026 WL 2391205, at *2 (E.D. Cal. Aug. 17, 2026). See also Dicxon Jose P.C. v. Warden, California City Detention Facility, Case No. 1:26-cv-02658-TLN-CSK, 2026 WL 1045516 (E.D. Cal. April 16, 2026) (granting immediate release of petitioner who was released to ICE custody after serving sentence for DUI misdemeanor conviction on due process grounds); Jerzain L.R. v. Warden of the California City Correctional Center, et al., No. 1:26-cv-03296-TLN-SCR, 2026 WL 1295801 (E.D. Cal. May 12, 2026) (granting immediate release of petitioner

---

[2] Furthermore, the present facts do not suggest that § 1226(c) is applicable. Section 1226(c) is the mandatory detention statute for noncitizens (1) with certain criminal arrests or convictions, or who are inadmissible or deportable based on security or other related grounds, and (2) who do not have a final order of removal. 8 U.S.C. § 1226(c)(1). Respondent argues petitioner is subject to mandatory detention under § 1225(b)(2)(A), not § 1226(c).

who was arrested after appearing at state courthouse for pending DUI case on due process grounds); Vazquez-Reyes v. Warden, No. 1:26-cv-3122 DC AC, 2026 WL 1661346 (E.D. Cal. June 9, 2026) (granting immediate release of petitioner with past DUI misdemeanor convictions on due process grounds).

Considering the facts of this case and respondent's failure to materially distinguish other precedent in this district, the undersigned adopts and incorporates by reference the reasoning in those cases and finds that petitioner is subject to § 1226(a), not § 1225(b)(2), and was statutorily entitled to a bond hearing under 8 U.S.C. § 1226(a) prior to his detention. See also Dicxon Jose P.C., 2026 WL 1045516, Jerzain L.R., 2026 WL 1295801. Respondent does not assert any alternative basis for petitioner's detention and does not provide any extenuating circumstances that would warrant petitioner's continued unlawful detention pending a bond hearing, and therefore the court also finds that the appropriate relief is petitioner's immediate release. See D.Y., 2026 WL 2391205, at *2; Dicxon Jose P.C., 2026 WL 1045516, at *4; Jerzain L.R., 2026 WL 1295801, at *4.[3]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:
    a. Respondents shall IMMEDIATELY RELEASE petitioner RICARDO BROCHERO-CARRENO, A-217-758-122, from custody. At the time of release, respondents must return all of petitioner's documents and possessions.
    b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.
    c. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing

[3] It is unnecessary to address any of petitioner's remaining arguments as they seek the same or similar relief (*i.e.*, petitioner's immediate release).

respondents will bear the burden of demonstrating by clear and convincing evidence that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

d. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

2. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release.

3. The Clerk of the Court be further directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 23, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE