UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RICARDO B.C.,[1]

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION CENTER, et al.,

Respondents.

No. 1:26-cv-05882-TLN-AC

A# 217-758-122

**RELEASE ORDER**

Petitioner, an immigration detainee proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 23, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (ECF No. 9.) Respondents filed objections to the findings and recommendations. (ECF No. 10.)

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations (ECF No. 9) are ADOPTED IN FULL.

2. The Petition for a Writ of Habeas Corpus (ECF No. 1) is GRANTED.

3. Respondents are ORDERED to IMMEDIATELY RELEASE petitioner RICARDO B.C. (A# 217-758-122) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents shall file a **notice of compliance** with this provision of the Court's Order within **two (2) court days** from the date of this Order.

4. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present. If Petitioner becomes subject to a final order of removal under 8 U.S.C. § 1231, Respondents are further ENJOINED from re-detaining Petitioner unless the removal order is lawfully executable and Respondents provide ten days' pre-deprivation notice to Petitioner of their intent to execute the removal order. Such notice may not issue until the removal order is final in accordance with 8 C.F.R. § 1241.1 and until Respondents have confirmed that no appeal has been filed with the Board of Immigration Appeals.

5. Petitioner's Motion to Expedite Proceedings (ECF No. 12) is DISMISSED as moot.

6. The Clerk of Court is directed to serve this Order on **California City Detention Center**, enter judgment in favor of Petitioner, and close this case.

IT IS SO ORDERED.

**DATED: October 27, 2026**

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE